IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **DAREEN TEO, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No. 20-3005-CV-S-MDH |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Defendant.** | ) |

# ORDER

Before the Court is Defendant United States of America's Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. Pro. 12(b)(1) (Doc. 14) and Plaintiffs' Motion for leave to file affidavit of merit out of time. (Doc. 23). Defendant argues that Plaintiffs' Complaint must be dismissed because of Plaintiffs' failure to timely file a health care affidavit of merit as required by Mo. Rev. Stat. § 538.225.

On April 19, 2021, pursuant to Fed. R. Civ. P. 12(b)(1), Defendant United States of America filed its Motion to Dismiss (Doc. 14) seeking dismissal of claims asserted by Plaintiffs Dareen and Saipan Teo under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680, because Plaintiffs failed to file the health care affidavit of merit required by Mo. Rev. Stat. § 538.225 within the clear and firm time limit established by the statute. *See* Mo. Rev. Stat. § 538.225.5.

On May 7, 2021, and again on June 2, 2021, Plaintiffs filed motions for extension of time to respond to the United States' Motion to Dismiss. (Docs. 16, 19). The Court granted both extension motions. (Docs. 17, 20). Finally, on July 2, 2021, Plaintiffs filed their Suggestions in Opposition to the United States' pending dispositive motion, including their long out-of-time § 538.225 Affidavit. (Docs. 22, 23).

1

Plaintiffs were required to file an affidavit of merit in accordance with Mo. Rev. Stat. § 538.225 more than a year ago. Specifically, such affidavit should have been filed by April 1, 2020, or, with a timely filed extension, no later than June 30, 2020. Because Plaintiffs failed to do either, the substantive law of Missouri mandates that Plaintiffs' Complaint be dismissed. Missouri law is clear and unambiguous − "in any action against a health care provider for personal injury" a plaintiff must file an affidavit "no later than ninety days after the filing of the petition." Mo. Rev. Stat. § 538.225.1, 5 (emphasis added). The sanction for noncompliance is also clear – "the court shall, upon motion of any party, dismiss the action." Mo. Rev. Stat. § 538.225.6 (emphasis added). "When a statute mandates that something be done by providing that it 'shall' occur and also provides what results 'shall' follow a failure to comply with the statute, it is clear that it is mandatory and must be obeyed." *SSM Health Care St. Louis v. Schneider*, 229 S.W.3d 279, 281 (Mo. Ct. App. 2007).

Because Plaintiffs failed to file the statutorily required health care affidavit certifying the merits of their case within the time period mandated by Mo. Rev. Stat. § 538.225.5, this Court is statutorily obligated to dismiss Plaintiffs' Complaint. *See J.K.M. v. Dempsey*, 317 S.W.3d 621, 628 (Mo. Ct. App. 2010) (Where the plaintiff filed his affidavit over a year after his petition was filed, well beyond the absolute 180–day limit imposed by § 538.225, the trial court was required to dismiss the plaintiff's petition and committed no error in doing so.); *see also Hardy v. United States*, No. 2:20-CV-04013-BCW, 2021 WL 316254, at *1 (W.D. Mo. Jan. 12, 2021) (same).

Based on the foregoing reasons, the Motion to Dismiss (Doc. 14) is **GRANTED** and the Motion for leave to file affidavit out of time (Doc. 23) is **DENIED**. Therefore, the above-captioned case is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Dated: July 27, 2021                                       _/s/ Douglas Harpool_
                                                                                   **DOUGLAS HARPOOL**
                                                                                   **United States District Judge**